A01A2344. DONALD AZAR, INC. v. CITY OF ATLANTA et al.

(562 SE2d 831)

BLACKBURN, Chief Judge.

Donald Azar, Inc. appeals from the trial court's grant of judgment on the pleadings. For the reasons set forth below, we reverse.

On July 18, 2000, a complaint was filed against the City of Atlanta ("City") and others by "Donald Azar, Plaintiff," and, on August 21, 2000, the City answered the complaint. On January 12, 2001, the City moved for judgment on the pleadings on the basis that the named plaintiff was not the real party in interest, as the realty that formed the basis of the litigation was not owned by Azar individually but by Donald S. Azar, Inc. Exactly one month later, the City filed an amended motion "so as to include the additional claim that . . . Plaintiff lacks standing."

On February 16, 2001, Azar amended his complaint "to correct a misnomer of the Plaintiff by adding the word INC. . . . to show the corporate capacity of the Plaintiff," and the City was served with a copy of the amendment. On the same day, Azar served and filed a brief in opposition to the City's amended motion.[1]

On February 23, 2001, the trial court entered an order in which it found that Azar failed to respond to the City's motion for judgment on the pleadings. As such, the trial court granted the City's motion.[2]

OCGA § 9-11-15 (a) provides:

A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order. Thereafter the party may amend his pleading

---

[1] This brief bore the heading "Brief in Support of Second Motion to Dismiss," but it is clear that it was in opposition to the City's amended motion — e.g., it stated that the "Plaintiff is filing with this Brief an Amendment to correct the misnomer . . . of the Plaintiff[, which] removes the need for consideration of the City['s] . . . Motion to Dismiss."

[2] Azar's enumeration of errors does not address the trial court's dismissal of his case against defendants other than the City for lack of service, and, accordingly, we do not consider that issue here.

only by leave of court or by written consent of the adverse party. Leave shall be freely given when justice so requires. A party may plead or move in response to an amended pleading and, when required by an order of the court, shall plead within 15 days after service of the amended pleading, unless the court otherwise orders.

In this case, Azar amended his pleading on February 16, 2001, prior to the entry of a pretrial order. This amendment obviated the City's motion for judgment on the pleadings by clearing up the clerical error in Azar's original complaint.

We note that, at the time that the trial court entered its order in this case, Azar's proposed amendment and reply brief may not have made their way into the trial judge's personal case folder. The records now before this Court, however, confirm that Azar's responsive documents had indeed been filed prior to the trial court's February 23, 2001 disposition, and, as such, they should have been considered and the City's motion for judgment on the pleadings should have been denied.

*Judgment reversed. Pope, P. J., and Mikell, J., concur.*

DECIDED MARCH 27, 2002.

*Smith, White, Sharma & Halpern, Furman Smith, Jr.*, for appellant.

*Michelle L. Thomas, Bernard R. Thomas, Sr.*, for appellees.